1512-42 Zimmerman v. Doran Good morning Mr. P. Wager I'm going to ask you to really stay pretty close to that mic. I'll get up as close as I can your honor. Can you hear me? Oh you don't have to hug it. Okay I will. Thank you. We are here on an appeal of a decision from Judge Capalla on summary judgment. Both parties moved had cross motions for summary judgment. Plaintiff's motion was denied. Defendant's motion was granted. This is a fourth amendment false arrest claim under section 1983 and also a 14th amendment claim for lack of due process with respect to the corporate interest in the property. The question that the court has to answer here is how can a property owner trespass against its own property? The timber deed in this case granted premier forest products in the interest in the real estate. On that point you know you rely on the timber deed but you did not discuss the rights provided by that document. So is it your contention that it gives the right to occupy the property similar to a lease as opposed to a limited right of access such as an easement for the purpose of collecting the timber that was sold to them? If it's only a right of access can't the owner restrict when and how that access is provided? I disagree. This is a deed. It's not an easement. It's not a lease. No I know. Counsel let's take a look at that document and in particular I have I think the same questions Judge Rovner has but on the critical question here you cite only a couple of North Carolina cases which it seems to me it's pretty tough to charge an Illinois sheriff with knowledge of those. And we've got a document that actually doesn't well at least point us to the language that actually conveys an interest in property in this document. Well it states in it that for purposes of harvesting the timber that they have a deed interest. Point us to the language. I'm sorry I don't have the deed in front of me at this point. I do. Okay it's the critical document. Do you need a copy? I've got it. Okay. This is page 22 and 23 of the separately bound appendix. I was looking for and didn't see deed-like language of conveyance. I see a guarantee of access in paragraph 11. That sounds like a contractual promise of a license that a property owner can revoke at will even if it winds up breaching the contract. What am I missing? Well I think that even under license law you would have to go into court your honor and ask for a temporary restraining order. You don't have the right. Can you point us to Illinois law on this subject? No I can't. And how would reading the timber deed in any case have aided the officers in determining whether there was probable cause to believe Zimmerman was trespassing given that Cheechan had informed them that Zimmerman had taken more timber than was allowed under the agreement which would have right there ended his right of access. Well that's a factual dispute on the record that Mr. Zimmerman said I didn't and put the officers here were told we have a written contract we have right of access and that this deed has been upheld previously by another court in terms of allowing him access. So they were on notice of those facts going into the decision. They were given conflicting claims right? Correct. Okay. So then under the law you're supposed to sit back and look and see whether or not there is problem. Under what law? Under what law? We don't expect police officers to resolve those sorts of disputes on the streets of Chicago or in the forests of Carroll County do we? Well look at this court just recently issued a decision in Hurom versus Tavares in July. In that case that was a lease situation where a property owner bought the building and found a person basically as a holdover. Residential tenant? Residential tenant. Right. Is that in Illinois? It is in Illinois. Okay. In Illinois there's a lot of elaborate law on the rights of residential lessors and lessees right? Correct. Under the Forcible Entry and Detainers Act. Right. Point us to the Illinois law governing timber leases. I don't have a law pointing us to timber leases but I do have I have cited North Carolina law which recognizes that that's a legal interest in property. Look the officers at the scene should not have to understand a contract and uh I don't I didn't just like my brother uh Hamilton I didn't see any legal authority as to the relative rights of of the owner of a property and the possessor of a timber deed and um you know you you did not cite any case laws to whether a property owner uh uh may restrict access um to to the property after conveying a timber deed to another um uh you know the core of this dispute is that Mr. Chisholm did not agree that the plaintiffs were acting in conformity with the timber contract but and he was the property owner and he informed the police that Zimmerman was improperly accessing his property in violation of the agreement and those officers didn't need to determine whether um the timber contract included those trees in order to determine whether there was probable cause to arrest Zimmerman and um it's for the courts to decide that contract issue so we we do have a problem here. Well Chisholm represented that there was a cease and desist order not that he had told the plaintiff or the yeah Mr. Zimmerman to get off my property. He misrepresented to the the case that there was an order in a court that prevented my client from being on the property. Didn't they check they check with the prosecutor and they said that if the owner wants you off and it's trespassing or whatever that they got to do what the owner says that that's what the state's attorney at least qualified immunity? Well no because we provided facts that indicate that the state's attorney wasn't aware of the written contract which provided the legal access to the property. I'm sure that that but you know this is the issue of our Mr. what do you say how do you say it Chichon or whatever? Chichon. Chichon was concerned because the timber man whoever was timbering was taking property off of the municipality's right-of-way and also somebody else's property. Now that makes him pretty vulnerable if he's contracting with someone who's basically taking someone else's trees. But he doesn't have any factual proof of that. He makes a phone call that says somebody told me. Yeah well you know sometimes when you don't have proof and trees are getting cut down and somebody decides you know that walnut tree was mine not yours that's not good. So that's what he was worried about but now that that's what raised all of this in the first place and then brought the police into. I understand but this was a civil dispute between contractual parties that he's using the police force to enforce what he believes is the terms of the contract. What he should have been doing was going into court and getting a temporary injunction to prevent my client from further activity. I understand that's your position and legally the issue tends to be thought of in terms of the difference between a right to property and a license or a contract right? Correct. And so let's go back to the question about what in this document distinguishes between those two such that a police officer or the deputy prosecutor or prosecuting attorney should have figured out why you're right. Well I believe that the property. Can you direct us to language or a legal authority please? In the third paragraph the seller agreed to hold harmless and indemnify the purchaser meeting premier for us from the seller's failure to properly identify timber to be purchased and removed here under. Under that provision if he's claiming that oh he's exceeding the extent of the he has the duty to formally produce evidence that he's doing that. If you did have civil litigation with Mr. Shishan right? We did. How was that resolved? We ended up with a judgment against him. Able to collect it? No. Okay I mean I don't that's the kind of provision that would let you sue in case you guys got sued for trespass by a neighboring property owner I assume. I don't see an answer to my question and I would then add just the follow-up is if you would like to address the Supreme Court's decision in Hyann against North Carolina with respect to giving police officers in these sorts of situations the benefit of the doubt when there's a reasonable mistake of law. You haven't convinced me that there was a mistake of law yet. Oh I understand but when we provide exculpatory facts that show you should be on notice that is what constitutes grounds for lack of qualified immunity in that situation and it becomes a question of fact for the jury and not to be decided as a matter of law. And I see my time is up at this point. Thank you. Good morning. Good morning. I'm Melissa Schoenbein and I represent the Appalese in this case. This case is about what we expect from our law enforcement officers. We don't expect them to be legal technicians with the ability to interpret a contract or a deed on the scene. The deputies in this case had probable cause to arrest Mr. Zimmerman for criminal trespass because when we examine what the officers knew at the time they made the arrest the basis for that arrest comes into focus. The officers knew that the property owner Mr. Shishan had asked Mr. Zimmerman to leave and even if his initial entry onto the property was lawful the property owner has the ability to ask a person to leave. Second we knew that Mr. Zimmerman did not comply with the landowner's to leave the property and most importantly Mr. Zimmerman did not comply with the officer's request to leave. The officer's decision to arrest Mr. Zimmerman was certainly not a rash. They contacted the state's attorney and informed them about the situation. They contacted their superior Sheriff Duran and both the superior and the state's attorney agreed that there was probable cause to arrest Mr. Zimmerman for criminal trespass despite the fact that the officers did not read the criminal did not read the deed and as the record shows the officers asked Mr. Zimmerman to leave the property on August 24th and about 24 hours later Mr. Zimmerman returned to the property where the officers found him cutting trees and operating a large machine. They asked him to get off the machine and they arrested him for criminal trespass. This court's decision in Kelly supports what the officers did. Law enforcement officers that have probable cause to make an arrest when the facts and circumstances that they're aware of would warn a reasonably prudent person to believe that the suspect had committed or was committing an offense. In Kelly a protester was on a restaurant's property and the officers arrested her although it was later determined that she was in fact on public property the court nevertheless said there was probable cause to arrest her because the officers the officers did not need to investigate property lines and likewise here the officers did not need to interpret a legal deed. You'd agree that if they were talking about residential leases this would be considerably different. Yes I do agree. Okay so and officers are expected to know a little bit about that law right? Yes. Okay could you address Ms. Schoenbein Chief Deputy Sandy's deposition testimony which I will paraphrase as why did you arrest decide to arrest plaintiff because he had it's troubling particularly on summary judgment. It is troubling but there's case law that supports that an officer's subjective beliefs do not matter because it's the objective beliefs of the officers that matter in a case of probable cause. We did address a retaliation argument in our brief and believe that the argument of retaliation is waived because the appellant neglected to bring that up at the district court level. If I recall Chief Deputy Sandy said his testimony was to the effect that he threatened to sue us but everybody threatens to sue us. I'm sure officers are threatened on quite often but that's not why they made the decision to arrest him the facts and circumstances are clear that there was probable cause. As to the second argument the appellant's substantive due process claim fails because the process claim fails nevertheless because the officer's conduct in this case certainly was not conscious shocking. The appellants argued that the deputy's conduct was done recklessly or in utter ignorance but I respectfully disagree with that and I think that the officers made an informed decision because they found out what was going on, they contacted the state's attorney, they contacted their superior, they talked to Mr. Shishan and they asked him to leave and said if he returned that he would be arrested for criminal trespass and Mr. Zimmerman disregarded their directions. Even if the officers did not have probable cause qualified immunity protects them because a reasonable officer would have believed in this situation that there was probable cause to arrest Mr. Zimmerman. Of primary importance is the fact that the deputies contacted the state's attorney and this court has held in Fleming that that goes a long way toward solidifying having a qualified immunity defense and without qualified immunity the incentives for officers to make the contact with that prosecuting authority would be greatly diminished. In this situation the officers did what any reasonable officer would have done and I think they did what we would expect of our law enforcement officers. If there are no further questions we would urge the court to affirm. Thank you. Thank you so much Ms. Schoenberg. Hey, you have a bit of time left Mr. Filiwiker. Thank you your honor. Judge, in answer to your last question regarding the retaliatory actions of Chief Deputy Sandy, the question at page 47 of his deposition was presented. Who made the decision to arrest Mr. Zimmerman? I did. Why did and why did you make that decision? He had threatened to sue us. There were three of us there. I am the supervisor so I made the decision. But that does not, forgive me, but that does not matter in the analysis as to whether there was probable cause for the arrest because as was noted earlier that's it's an objective rather than a subjective standard. And the objective standard here your my client asserted to them before the arrest was made that he had a legal interest in this property. That he had exercised his legal rights before in a court of law and had had this contract upheld for access. That there was no injunctive relief preventing him from going forward. That Mr. had misrepresented to the officers that there was a cease and desist order and Mr. Zimmerman informed these officers before they made the decision to arrest. There was no cease and desist order. In fact, I checked both Carroll County and Ogle County courthouses to find out if any action had been taken to stop my contract. That's the facts that the officers are operating under when they're making the decision to arrest and then you have to take into consideration the motivation of Chief Sandy. He said it was retaliatory. I have all these exculpatory facts available to me. I think I should just let this thing go and let them fight it out in court instead he decides to arrest him because of the fact that he threatened to sue us. That constitutes lack of probable cause in this situation. And I have, unless the court has any other questions, I have no further argument. Thank you so very much. Thank you, Mr. Fluebberger and Ms. Schoenbein. And the case will be taken under advisement. Thanks a lot. All right.